UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SARAH BOUNDS,**<br>　　**Plaintiff**<br><br>v.<br><br>**CAPITAL AREA FAMILY VIOLENCE INTERVENTION CENTER, INC., D/B/A IRIS DOMESTIC VIOLENCE CENTER OF BATON ROUGE, AND AUDREY WASCOME**<br>　　**Defendants** | **CIVIL ACTION NO. 14-802**<br><br><br>**JUDGE JAMES J. BRADY**<br><br><br><br>**MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT IRIS

Plaintiff, Sarah Bounds, submits the following requests for production of documents to Defendant, Capital Area Family Violence Intervention Center, Inc., D/B/A Iris Domestic Violence Center of Baton Rouge ("Iris" or "Defendant").

### Instructions

You are required to serve a written response within 30 days after the service of this request which shall state, with respect to each item or category of items, that inspection will be permitted as requested, except to the extent that you object in writing to particular items or categories of items, state specific reasons why such discovery should not be allowed.

You are required to produce documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request. Documents that are regularly maintained stapled, clipped or otherwise physically attached to other documents are to be produced in their stapled, clipped or otherwise physically attached form.

You must categorize all documents, records and communications by the request to which it pertains. Where a document, record, or communication exists in both an electronically-stored format and a non-electronically-stored format, you must produce the document, record, or communication in the electronically-stored format.

**EXHIBIT "A"**

You shall produce electronically-stored a documents, records, or communications in their native electronically-stored format, such as .pst for email files and the native format of any email attachments, such as excel files. But if the native format is not "off-the-shelf" software that likely cannot be accessed, the parties will discuss the format of the electronically-stored/digital files, so that the parties can evaluate in what format those files should be produced. Additionally, if the produced files in their native format cannot be read, the parties will discuss an alternative format in which the files should be produced.

Each document produced pursuant to this Request for Production is to be identified by the specific number of the Requests for Production with respect to which is produced.

If you object to furnishing any requested document, please state the specific grounds of you objections and identify the document by its author, recipient, date and subject matter and explain why you believe the document is protected from production.

If you object to a part of an item or category, you must specify the part and permit the inspection of the remaining part.

If, after responding to this request, you discover additional documents, which are responsive to this request, you must supplement your response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Unless otherwise instructed, all requests for production are limited to the time period beginning August 2013 to the present.

**Definitions**

1. "Person" means the plural as well as the singular and includes: natural persons, corporations, firms, associations, partnerships, joint ventures, trusts, estates, or any other form of legal entity; and governmental agencies, departments, units or subdivisions thereof.

2. "Documents" or "Records" mean all original written, recorded or graphic matters whatsoever and non-identical copies thereof, including but not limited to pleadings, motions, responses to discovery, papers, books, records, letters, photographs, tangible things, correspondence, communications, emails, text messages, instant messages or other communications via the internet or online, hard copies or transcriptions of TTY or TDD communications, telegrams, cables, telex, FAX, messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or interviews or conferences or other meetings, affidavits, statements, summaries,

opinions, reports, studies, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists of tabulations, sound records, computer printouts, data processing programs, libraries, data processing input and output, microfilm, books of accounts, records, invoices, statements of account, credit memoranda, and checks reflecting business operations, all records by electronic, photographic or mechanical means, and notes or drafts relating to the foregoing, all thing to the foregoing however denominated by the parties and all documents as defined by the Federal Rules of Civil Procedure.

In cases where originals are not identical documents and are not available, "document" also means identical copies of the original documents and non-identical copies thereof. In all cases where documents are in language other than English, "documents" include all translations and materials related to particular translations.

In the event that any items requested are unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

3. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, letters, e-mails, text messages, Facebook messages, social media messaging, faxes, tapes or other sound recordings or means of transmitting information from one source to another.

4. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive and the term "including" shall mean without limitation.

5. "Policy" or "policies" means all terms, criteria, guidelines, standards, operating instructions, rules, regulation, or memoranda that inform or guide the actions of Defendant.

6. "Defendant," You," and "Your" refers to Iris and includes any all predecessors-in-office, directors, officers, employees, agents, representatives and any person or entity acting or purporting to act on its behalf, now or in the past.

7. "Benefit" means any thing, service or promise given in exchange for work. This term includes but is not limited to health insurance, vacation allotments and payments made in money or in kind.

**EXHIBIT "A"**

8. The term "and" and "or" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside it scope.

9. The term "Plaintiff" refers to the plaintiff in this lawsuit, Sarah Bounds.

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all documents relating to the reasons Plaintiff was terminated.

**REQUEST FOR PRODUCTION NO. 2:**

If you allege that Plaintiff's performance was ever in any way deficient, and/or that Plaintiff's conduct was ever improper, please produce any and all documents related to that allegation(s) and/or any documents related to discipline connected with said allegation(s).

**REQUEST FOR PRODUCTION NO. 3:**

If you contend that Plaintiff was ever counseled or disciplined (either in writing or verbally) for any type of unsatisfactory performance and/or any misconduct as an employee of Defendant, please produce all documents connected with said counseling or discipline.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents (including, but not limited to, email, calendars, or any type of document as described herein) connected in any way to the events which led up to the ending of Plaintiff's employment with Defendant, the reason(s) that Plaintiff's employment ended, and the identity of the person(s) making the decision to end Plaintiff's employment or providing input into that decision.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all documents, letters, memorandum, notes, audio and/or videotapes and any other documents that were used in the preparation of Defendant's responses to any of Plaintiff's First Set of Interrogatories and Requests for Admissions.

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION NO. 6:**

Please produce the following documents regarding the Plaintiff, Connie Falcon, Audrey Wasome, Judy Benitez, Dana Leblanc, Juanita McCray, Heather Folks, Kim Wells, and Koreen Scott from the beginning of their employment (or in the case of officers or board members, their affiliation with Iris) until the present:

a) The individual's entire personnel file (formal or informal) – whether maintained in the personnel department, by a current or former supervisor, by a human relations department, or by legal counsel;

b) The individual's application(s) for employment with you and/or any of your affiliates;

c) Memoranda of any interview(s) with the Defendant before the individual was hired (or recruited to serve as an officer or board member) by the Defendant;

d) The individual's resume;

e) References received by the Defendant and/or any of its affiliates about the individual, including any letters of recommendation, the results of any background or reference checks conducted about the individual, and any notes taken during reference checks;

f) Any reports or memoranda, formal or informal, of the individual's injuries or illnesses, regardless of whether they were job-related;

g) Performance evaluations or job reviews, whether formal or informal, of the individual during each year of his\her employment with the Defendant and/or any of its affiliates, including notes or other documents

        regarding those evaluations regardless of whether they portray, refute, or support the opinions expressed in the evaluation and/or review;

h)     Supervisor's notes or other documents relating to opinions expressed by the individual's supervisor, co-employee, subordinate, citizen, or other person (even if anonymous) regarding the quality of the job performance rendered by the individual;

i)     Awards, commendation letters, and the like given to the individual;

j)     All documents relating to the individual's probationary status, including, but not limited to, documents showing the beginning and ending date(s) of the individual's probation and the reasons therefore;

k)     All notes, emails, letters, memoranda, and the like that reflect comments made by supervisors, co-workers, management, citizens, subordinates, board members, corporate officers, or any other person (even if anonymous) that are critical of the individual;

l)     All notes, emails, letters, memoranda, and the like that reflect comments made by supervisors, co-workers, management, citizens, subordinates, board members, corporate officers, or any other person (even if anonymous) that are complimentary of the individual;

m)     Documents evidencing or pertaining to any reprimand, warning, demotion, involuntary leave of absence, or other adverse disciplinary action taken or suggested against the individual;

n)     Congratulatory letters, memoranda and announcements concerning

       the individual's position, job performance, compensation changes, and awards;

o)    Job or position description; and,

p)    the ending of said individual's employment.

## REQUEST FOR PRODUCTION NO. 7:

Please produce any insurance policies that Defendant may have which Defendant has claimed or may claim provide coverage against liability for claims of the Plaintiff in the above entitled proceeding.

## REQUEST FOR PRODUCTION NO. 8:

Please produce any "reservations of rights" or coverage denial letters, if any, from Defendant's insurers regarding the above entitled proceeding, including any documents related thereto.

## REQUEST FOR PRODUCTION NO. 9:

Please produce all documents identified in Defendant's Rule 26(a)(1) Initial Disclosures.

## REQUEST FOR PRODUCTION NO. 10:

Any and all documents, emails, social media messages, text messages, letters, notes, memoranda, tape recordings or transcriptions in Defendant's possession or under Defendant's control, containing, summarizing, detailing or noting any conversations or communications between Defendant and any present or former officer, official, manager, supervisor, or employee of Defendant, concerning Plaintiff's employment, the termination of Plaintiff's employment, or any issues set forth in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents, writings or recordings which Defendant anticipates consulting, utilizing, referring to, or offering into evidence at trial or in support of, or in opposition to, a motion pursuant to FRCP Rule 56, in conjunction or connection with any testimony Defendant intends or expects to adduce or elicit in the trial of this matter or in an affidavit in support of any motion in this matter.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents, photographs, electronically stored files, recordings, physical evidence, and/or other tangible evidence in the possession of Defendant and/or their representatives, which Defendant and/or representatives may use to refresh their recollection or the recollection of other actual or potential witnesses.

**REQUEST FOR PRODUCTION NO. 13:**

If Defendant contends that Plaintiff's credibility or veracity should be questioned, please provide any documents (including, but not limited to, video and/or audio recordings) related to that contention.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any documents relevant to Defendant's affirmative defenses/contentions herein.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents that may be used in any deposition herein and/or at trial.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all documents reviewed or used to answer any Interrogatory propounded by Plaintiff.

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION NO. 17:**

Please produce copies of all statements taken from any individual(s) who may have any information relating to any allegations set forth in Plaintiff's Amended Complaint or who may have had some knowledge pertaining to any of the issues set forth in Plaintiff's Amended Complaint and the resulting damages alleged to have been sustained and which are attributable to issues set forth in Plaintiff's Amended Complaint, including but not limited to, any individual(s) who participated in any investigation of Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 18:**

If you allege that any managers ever disciplined and/or counseled (either formally or informally – and/or – verbally or in writing) Plaintiff for any type of deficient performance and/or misconduct, and any other employees (in the same or substantially similar job) were ever disciplined for similar incidents of deficient performance and/or misconduct from the beginning date of Plaintiff's employment with Defendant to date, please produce any documents connected with said similar incidents of deficient performance and/or misconduct by other employees.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any and all documents that Defendant may use as impeachment evidence and/or to question Plaintiff's veracity.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents related to any investigations by Defendant or any person or entity hired by Defendant concerning any concerns about Plaintiff's performance or conduct.

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents related to any complaints from any source concerning Plaintiff's performance and/or conduct while she was employed by Defendant.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all documents connected with any investigation conducted by any persons (and/or entity) into Plaintiff's performance and/or conduct.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all documents connected with any request for an employment reference by any potential employer of Plaintiff.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all documents that you sent to or received from any law enforcement personnel that pertain to Sarah Bounds or Judy Benitez.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all documents that you sent to or received from any federal, state, or local agency or federal, state, or local officials, including legislators, district attorneys, councilmembers, and the like, that pertain in any way to Sarah Bounds or Judy Benitez.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce all documents that you sent to or received from the coroner's office that pertain in any way to Sarah Bounds or Judy Benitez.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all documents that reflect any discussions by any officers or directors of Iris concerning Sarah Bounds.

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all minutes of meetings for Iris's Board of Directors and committees that refer to or pertain in any way to Sarah Bounds.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce any and all documents evidencing, or referring to, any conversation between Defendant (or its agents or employees) and Plaintiff (or her agents, representatives, or relatives).

**REQUEST FOR PRODUCTION NO. 30:**

Please produce all documents, emails, social media messages, text messages, letters, notes, memoranda, tape recordings or transcriptions relating to Iris's meeting with a legislative delegation, DCFS staff and LCADV in January, 2015 that refer to or pertain in any way to Sarah Bounds.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce any and all documents referring to Plaintiff's health, health condition, or impairment.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any and all documents reflecting or referring to Plaintiff's disclosure of any health issue, health condition, or impairment to Defendant.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce any and all documents reflecting or referring to Plaintiff's employment with any other entity besides the Defendant.

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all documents, materials, files, notes, emails and other communications (including documents making reference to any such communications) with any physician, medical or healthcare provider, or other medical or healthcare professional regarding Plaintiff.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce any and all documents, materials, files, notes, emails and other communications (including documents making reference to any such communications) regarding Plaintiff's depression, health, health status, or physical condition.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce any and all documents from, or referring to, nay of Plaintiff's medical or healthcare providers (or any agent or employee of each and every such provider).

**REQUEST FOR PRODUCTION NO. 37:**

Please produce any and all medical files, medical records, medical reports, summaries, evaluations, analyses, or other document of a medical nature held, maintained, received, or otherwise known by Defendant regarding Plaintiff.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce any and all documents comprising, reflecting, or referring to any request by Defendant for medical information about the Plaintiff, or any release or authorization to acquire such information.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce Defendant's organizational chart(s) that include the position(s) held by Plaintiff.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce all documents describing the essential functions of each and every job or position Plaintiff held with Defendant.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce all documents describing the non-essential functions of each and every job or position Plaintiff held with Defendant.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce any and all documents reflecting or referring to all of Plaintiff's work, assignments, tasks, or projects while with Defendant.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce documents reflecting:

a) each position and/or job title with Defendant that Plaintiff held;

b) the dates Plaintiff was in each job or position;

c) any and all supervisors for each such position or job; and

d) the pay earned by Plaintiff in each position for each period she held it (including but not limited to wages, salary, bonuses, incentive pay, etc.).

**REQUEST FOR PRODUCTION NO. 44:**

Please produce documents reflecting or referring to;

a) any hours (or portion of hours) worked by Plaintiff;

b) the dates and times Plaintiff worked.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce any and all documents referring to or reflecting the nature of any benefits of employment that Plaintiff received, or was entitled to receive, while with Defendant, and any and all documents referring to or reflecting the value of any such benefits.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce documents reflecting any and all types and amounts of leave time to which Plaintiff was entitled, was given, earned, or would have had access to (including but limited to vacation leave, sick leave, medical leave, FMLA leave, personal leave, catastrophic leave, disability leave, etc.).

**REQUEST FOR PRODUCTION NO. 47:**

Please produce documents reflecting any and all policies, practices, and procedures relating to leave time of any kind (including but limited to vacation leave, sick leave, medical leave, FMLA leave, personal leave, catastrophic leave, disability leave, etc.) that was offered or available to employees in the same job(s) or position(s) as that held by Plaintiff.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce any and all work schedules for, or applicable to, the Plaintiff while she was with Defendant.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce documents describing the qualifications – including but not limited to the skills, education, training, certifications, and/or experience – required for each position and/or job title with Defendant that Plaintiff held.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce any and all documents reflecting or referring to Defendant's assessment of Plaintiff's qualifications for the job.

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION NO. 51:**

Please produce any and all documents reflecting, indicating, or referring to Defendant's net worth.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce any and all financial statements of Iris prepared by or for Iris's shareholders, officers, and/or directors, or for any governmental entity, during the past three years.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce the personnel file of the person(s) who took over Plaintiff's duties after her separation together with documents reflecting each such person's qualifications, pay tasks, assignments, and disability or pregnancy status.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce any and all documents reflecting or referring to each and every charge, lawsuit, or administrative complaint of disability discrimination that has been made or filed within the past five years by any current or former employee or client of Iris.

**REQUEST FOR PRODUCTION NO. 55:**

Please produce any and all documents reflecting Iris's document-retention policies relating to personnel-type material, such as personnel files, time sheets, job evaluations, application materials, rates of pay, disciplinary actions, terminations, accommodations for employees with disabilities, etc.

**REQUEST FOR PRODUCTION NO. 56:**

Please produce all documents reflecting Iris's policies, practices, and procedures, in effect during any portion of Plaintiff's period of employment regarding:

a) employees with disabilities, or

b) reasonable accommodation requests.

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION NO. 57:**

Please produce any and all documents referring to, or reflecting, conversations or correspondence (including email or other electronic communications) between Iris's agents, employees, officers, or directors and Plaintiff that dealt in whole or in part with:

a) Iris's reasonable accommodation procedure;

b) Any interactive processes regarding reasonable accommodation that the Plaintiff participated in and/or that Iris offered or attempted to arrange.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce documents reflecting all of Defendant's policies, practices, or procedures regarding telework, telecommuting, nonstandard or alternative work schedules or locations, and/or medical leave.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce any and all documents reflecting, or referring to, the Defendant's provision of any reasonable accommodations to the Plaintiff.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce any and all documents reflecting, or referring to, the assessment of Plaintiff's reasonable accommodation requests, including the likely effectiveness and cost to Defendant.

**REQUEST FOR PRODUCTION NO. 61:**

Please produce your Form 990 for 2014 and your audit prepared by an independent auditor for your most recent completed fiscal year.

**REQUEST FOR PRODUCTION NO. 62:**

Please produce copies of the checks you say Plaintiff fraudulently or inappropriately issued and any communications by, between, or among Baton Rouge law

enforcement officials, Iris's accountant(s) and/or bookkeeper(s), and Iris's present or former employees, officers, and directors regarding same.

**REQUEST FOR PRODUCTION NO. 63:**

Please produce any and all documents regarding any mental health professional that you plan to hire to conduct a mental exam, including but not limited to:

a) a listing of all civil and criminal cases in which the mental health professional has been retained during the prior five years;

b) the party by whom the mental health professional was retained in each such case(s);

c) the identity of counsel for the party that retained the mental health professional;

d) the identity of opposing counsel;

e) the mental health professional's full fee charged in the matter;

f) a transcript of the mental health professional's deposition testimony, if any, in the case(s);

g) a copy of the mental health professional's trial testimony in the case(s);

h) a copy of the report(s) prepared by the mental health professional in the case(s);

i) the identity of any plaintiff for whom the mental health professional has ever testified;

j) the percentage of the mental health professional's business on an annual basis that is forensic work for the defense, broken down by employment and non-employment cases; and

**EXHIBIT "A"**

k) the total amount of the mental health professional's earnings, year-by-year, performing forensic services, broken down by the dollar amount paid by the defense, as compared to any moneys paid by plaintiffs.

	_____
	Robert B. Landry III  (#18998)
	rlandry@landryfirm.com
	**ROBERT B. LANDRY III, PLC**
	5420 Corporate Boulevard, Suite 204
	Baton Rouge, Louisiana  70808
	Telephone:	(225) 349-7460
	Facsimile:	(225) 349-7466

	**COUNSEL FOR PLAINTIFF,
	SARAH BOUNDS**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all parties herein by email and by Federal Express on August 28, 2015.

	_____
	Robert B. Landry III

**EXHIBIT "A"**